**17-3304(CON)**
*In re 650 Fifth Ave. & Related Props.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of August, two thousand and nineteen.

Present:
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> DENNY CHIN,
> > *Circuit Judges*.

---

IN RE 650 FIFTH AVENUE AND RELATED PROPERTIES[*]

17-3304

---

| | |
|---|---|
| For Claimant-Appellant Islamic Education Center of Maryland: | SAEID B. AMINI, Washington, DC. |
| For the Government: | DANIEL M. TRACER, Assistant United States Attorney (Michael D. Lockard, Daniel B. Tehrani, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States |

---

[*] The Clerk of the Court is directed to amend the official caption as set forth above.

Attorney for the Southern District of New York,
New York, NY.

_____

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

We assume the parties' familiarity with the matter and discuss the underlying facts and law only as necessary to resolve the issues before us.

The Claimant-Appellant Islamic Education Center of Maryland ("Maryland-IEC") is a nonprofit corporation located and incorporated in Maryland. For over thirty years, Maryland-IEC has leased and occupied two properties (the "Properties") owned by the Alavi Foundation. In December 2009, the Government published notice on an official website that it intended to seek the forfeiture of Alavi's assets, including the Properties. Later that month, Maryland-IEC filed a statement of interest asserting a leasehold interest in the Properties based on its agreement with Alavi.

In 2013, Maryland-IEC sent a letter to the United States District Court for the Southern District of New York (Forrest, *J.*) asserting a new theory: that it owned the Properties under a Waqf, a charitable endowment generally made for religious purposes. Soon after, Maryland-IEC filed a second statement of interest asserting its Waqf theory along with a constructive-trust theory of ownership.

In 2017, the district court held a jury trial that resulted in a judgment ordering Alavi to forfeit its interest in the Properties. Specifically, the Government was awarded a

2

17% ownership interest in the Properties. Following the verdict, Maryland-IEC made another supplemental filing adding facts in support of its constructive-trust theory of ownership.

The Government moved to dismiss Maryland-IEC's statement of interest, noting that it disclaimed any intent to forfeit Maryland-IEC's leasehold interests in the Properties. The district court granted the motion, finding that Maryland-IEC was a mere tenant and, thus, the Government's concession mooted its claim to the Properties. The court declined to consider Maryland-IEC's Waqf and constructive-trust theories, finding among other things that they were untimely asserted.

We agree with the district court. Maryland-IEC's original statement of interest was unambiguously limited to a leasehold theory. *See* Maryland-IEC App. 20 ("[T]he Agreement and occupancy of nearly 30 years provides IEC with a possessory interest in the Properties . . . ."). Maryland-IEC asserted its ownership theories for the first time in its 2013 filings. This was, unfortunately, too late. Once the Government published notice of its forfeiture suit in December 2009, Rule G(5) of the Supplemental Rules for Admiralty and Maritime required Maryland-IEC to file its notice of interest within sixty days. *See* Supp. R. G(5)(a)(ii)(B). Its original statement of interest came within that period but lacked the ownership claims.

Maryland-IEC asks us to deviate from Rule G in the interest of justice. We decline to do so. Maryland-IEC's original statement of interest demonstrates that it was aware of

3

the claims against its interests in the Properties. Maryland-IEC offers no persuasive reason why it could not assert its ownership theories at that time. Accordingly, Maryland-IEC's supplemental-ownership claims are untimely.

Further, because the Government stipulated that it will not seek to terminate the leasehold interests, Maryland-IEC's original claim is moot.

We have considered Maryland-IEC's remaining arguments and find that they are meritless. We **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4